**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES CURTIS CARPENTER**                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 26-791-SDD-RLB**

**NANCY LANDRY, ET AL.**

<u>**ORDER**</u>

This matter is before the Court on Plaintiff's Motion for Scheduling Conference. (R. Doc. 8).

On July 21, 2026, Charles Curtis Carpenter ("Plaintiff"), proceeding *pro se*, filed a Verified Complaint for Declaratory Relief and for Preliminary and Permanent Injunctive Relief, naming the following defendants: Nancy Landry, in her official capacity as Secretary of State of Louisiana; Sherri Wharton Hadskey, in her official capacity as Commissioner of Elections of Louisiana; Elizabeth B. Murrill, in her official capacity as Attorney General of Louisiana; and Jeff Landry, in his official capacity as Governor of Louisiana (collectively, "Defendants"). (R. Doc. 1, "Compl.").

Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1983 and 1988 for alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution, and violations of the Qualifications Clause and Elections Clause of Article I of the United States Constitution. Plaintiff asserts that he is a non-major-party candidate for the office of United States Senator, and that he is seeking a declaratory judgment, a temporary restraining order, and preliminary and permanent injunctive relief "against an unconstitutional candidate-qualification scheme that the State of Louisiana applies to candidates for the office of United States Senator who are not affiliated with the Democratic Party or the Republican Party." (Compl. ¶ 1).

Plaintiff alleges that as a "No Party" candidate he does not have the option of paying a $3,500.00 qualifying fee, and must instead file a nominating petition, which would require him to gather 2,500 certified signatures from other "No Party" voters by the qualifying deadline. (Compl. ¶¶ 4-5). In short, Plaintiff seeks "a declaration that the challenged scheme is unconstitutional as applied to non-major-party candidates for United States Senator, and an injunction permitting Plaintiff to qualify for the November 3, 2026 general election for United States Senator on terms no more burdensome than those afforded to major-party candidates." (Compl. ¶ 7).

At the time of commencing this action, Plaintiff also filed a separate Motion for Temporary Restraining Order (R. Doc. 2) and Motion for Preliminary and Permanent Injunction (R. Doc. 3).

On July 24, 2026, the district judge referred these motions for injunctive relief to the undersigned for the issuance of proposed findings and recommendations.[1] (R. Doc. 5).

On July 27, 2026, Plaintiff filed the instant handwritten motion with the Clerk's Office requesting a scheduling conference "ASAP." (R. Doc. 8). Plaintiff has contacted the undersigned's chambers numerous times with respect to his pending motions.

The undersigned will issue a scheduling order, if applicable, only after the appearance of the Defendants. *See* Fed. R. Civ. P. 16. **To the extent Plaintiff is seeking *ex parte* communication with the undersigned, that relief is denied**. The undersigned will issue

---

[1] *See* 28 U.S.C. § 636(b)(1); *see Ritter v. Cook*, 45 F. App'x 325 (5th Cir. 2002) ("Because the magistrate judge had not obtained consent from all parties to rule on Ritter's motion for a preliminary injunction, the magistrate judge was without jurisdiction to issue a dispositive order on that motion."); *Beaird v. Lappin*, No. 06-967, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006) (vacating magistrate judge's order on motion for temporary restraining order, noting that magistrate judge should have submitted  proposed findings of fact and recommendations for disposition as required under 28 U.S.C. § 636(b)(1)(B)); *see also Hanson v. Drummond*, No. 25-102, 2025 WL 636319, at *2 (W.D. La. Feb. 27, 2025) (concluding that magistrate judge had the authority to issue a report and recommendation to the district judge regarding a motion for temporary restraining order).

applicable reports and recommendations consistent with Rule 65 of the Federal Rules of Civil Procedure after consideration of the pending motions for injunctive relief.

Plaintiff has filed a Notice of Pro se E-Service and E-Notice Consent Form. (R. Doc. 7). The undersigned may issue further Orders and Notices through electronic docket entries on CM/ECF.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Scheduling Conference (R. Doc. 8) is **DENIED** without prejudice to refile after the Defendants appear in this action.

Signed in Baton Rouge, Louisiana, on July 29, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**