## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**CHARLES CURTIS CARPENTER,**

　　　　　Plaintiff,

**VERSUS**

**NANCY LANDRY, in her official capacity as Secretary of State of Louisiana; SHERRI WHARTON HADSKEY, in her official capacity as Commissioner of Elections of Louisiana; ELIZABETH B. MURRILL, in her official capacity as Attorney General of Louisiana; and JEFF LANDRY, in his official capacity as Governor of Louisiana,**

　　　　　Defendants.

CIVIL ACTION NO. 26-cv-791

JUDGE Shelly D. Dick

MAGISTRATE JUDGE Richard L. Bourgeois, Jr.

U.S DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED     JUL 3 1 2026

CLM
CLERK

## PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF HIS MOTIONS FOR TEMPORARY RESTRAINING ORDER

Plaintiff Charles Curtis Carpenter, appearing in proper person (pro se), respectfully moves the Court, pursuant to 28 U.S.C. § 1657(a), Rules 1, 6(c)(1)(C), and 65 of the Federal Rules of Civil Procedure, for expedited consideration of his pending Motion for Temporary Restraining Order, on the following grounds:

1.　Plaintiff filed his Verified Complaint, Motion for Temporary Restraining Order, and Motion for Preliminary and Permanent Injunction on July 21, 2026. All four Defendants were personally served that same day, together with copies of both motions and the supporting memorandum. Defendants have therefore had actual notice of the precise relief requested, and the papers supporting it, since the day this action began. This is accordingly not an ex parte application; Plaintiff seeks relief on notice.

2.　The current schedule sets Defendants' response deadline for August 11, 2026. The only meaningful relief Plaintiff seeks, however, is an order permitting him to qualify as a candidate for United States Senator during the qualifying period the Secretary of State has already scheduled and published for the November 3, 2026 election: August 5 through 7, 2026.

3.　The difficulty is one of simple arithmetic, and Plaintiff intends no criticism of the Court or any of its officers in pointing it out. If briefing closes on August 11 and a ruling follows, the qualifying window will have opened and closed before Plaintiff's motions are ever decided. A schedule that resolves an emergency motion only after the emergency has passed operates as a denial of the motion without adjudication of its merits, therefore, Plaintiff to grant his request for a Temporary Restraining Order before Defendants' responses are due.

4.  Congress has directed precisely this result. Under 28 U.S.C. § 1657(a), each federal court "shall expedite the consideration of any action . . . for temporary or preliminary injunctive relief." The statute is mandatory, and it applies squarely to Plaintiff's pending motions. Rule 1 directs that the Rules be administered to secure the just, speedy, and inexpensive determination of every action.

5.  Expedition here imposes no unfair burden on Defendants. They are represented by the Office of the Attorney General of Louisiana, an institutional litigant with substantial election-law experience; they have possessed the complete motion papers for ten days; and the legal questions presented, while important, are crisply framed and rest principally on established Supreme Court authority already briefed in Plaintiff's memorandum. The State is, moreover, already staffing and administering the very August 5 through 7 qualifying window at issue for every candidate for the United States House of Representatives.

6.  The irreparable harm at stake is the permanent, unrecoverable loss of the opportunity to appear on the November 3, 2026 ballot, a First Amendment injury that no later remedy can repair, as set forth more fully in Plaintiff's pending memorandum.

7.  Plaintiff therefore respectfully requests that the Court rule on the Motion for Temporary Restraining Order before the qualifying period opens on August 5, 2026.

8.  In the alternative, and at minimum, Plaintiff requests an interim order preserving the Court's ability to grant effective relief: an order directing the Secretary of State and the Commissioner of Elections to accept Plaintiff's notice of candidacy and qualifying fee on a provisional basis during the August 5 through 7, 2026 qualifying period, without prejudice to any party's position on the merits, with such provisional qualification to be given effect only if the Court thereafter grants Plaintiff relief, and to be treated as void if the Court denies relief. Such an order costs the State nothing, decides nothing, and simply prevents the calendar from deciding this case before the Court can.

9.  Finally, because Plaintiff resides approximately five hours round trip from the courthouse and is not presently registered for electronic filing, Plaintiff respectfully requests leave, to the extent the Court's procedures permit for a pro se litigant, to receive notices of electronic filing by email and to file documents electronically, so that time-sensitive matters in this action are not delayed by physical transmission.

WHEREFORE, Plaintiff respectfully prays that this Emergency Motion be granted, that the alternative interim relief described in paragraph 8 be granted if the Court cannot rule before the qualifying period opens, and that Plaintiff be granted such other relief as is just.

Respectfully submitted,

Charles Curtis Carpenter
Plaintiff, pro se
19215 Highway 167
Dry Prong, Louisiana 71423
chuckforlouisiana@gmail.com

Dated: July 31, 2026