**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES CURTIS CARPENTER** **CIVIL ACTION**

**VERSUS** **NO. 26-791-SDD-RLB**

**NANCY LANDRY, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 4, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES CURTIS CARPENTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-791-SDD-RLB** |
| **NANCY LANDRY, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Temporary Restraining Order ("Motion for TRO") filed on July 21, 2026. (R. Doc. 2). The motion was referred to the undersigned on July 24, 2026.[1] (R. Doc. 5).

## I. Background

On July 21, 2026, Charles Curtis Carpenter ("Plaintiff"), proceeding *pro se*, filed a Verified Complaint for Declaratory Relief and for Preliminary and Permanent Injunctive Relief, naming the following defendants: Nancy Landry, in her official capacity as Secretary of State of Louisiana; Sherri Wharton Hadskey, in her official capacity as Commissioner of Elections of Louisiana; Elizabeth B. Murrill, in her official capacity as Attorney General of Louisiana; and Jeff Landry, in his official capacity as Governor of Louisiana (collectively, "Defendants"). (R. Doc. 1, "Compl.").

[1] Because this is a motion for injunctive relief, the undersigned has issued a Report and Recommendation for the district judge's consideration. *See* 28 U.S.C. § 636(b)(1); *see Ritter v. Cook*, 45 F. App'x 325 (5th Cir. 2002) ("Because the magistrate judge had not obtained consent from all parties to rule on Ritter'' motion for a preliminary injunction, the magistrate judge was without jurisdiction to issue a dispositive order on that motion."); *Beaird v. Lappin*, No. 06-967, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006) (vacating magistrate judge's order on motion for temporary restraining order, noting that magistrate judge should have submitted proposed findings of fact and recommendations for disposition as required under 28 U.S.C. § 636(b)(1)(B)); *see also Hanson v. Drummond*, No. 25-102, 2025 WL 636319, at *2 (W.D. La. Feb. 27, 2025) (concluding that magistrate judge had the authority to issue a report and recommendation to the district judge regarding a motion for temporary restraining order).

Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1983 and 1988 for alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution, and violations of the Qualifications Clause and Elections Clause of Article I of the United States Constitution. Plaintiff asserts that he is a non-major-party candidate for the office of United States Senator, and that he is seeking a declaratory judgment, a temporary restraining order, and preliminary and permanent injunctive relief "against an unconstitutional candidate-qualification scheme that the State of Louisiana applies to candidates for the office of United States Senator who are not affiliated with the Democratic Party or the Republican Party." (Compl. ¶ 1).

Plaintiff alleges that as a "No Party" candidate, he does not have the option of paying a $3,500.00 qualifying fee, and must instead file a nominating petition, which would require him to gather 2,500 certified signatures from other "No Party" voters by the qualifying deadline. (Compl. ¶¶ 4-5). In short, Plaintiff seeks "a declaration that the challenged scheme is unconstitutional as applied to non-major-party candidates for United States Senator, and an injunction permitting Plaintiff to qualify for the November 3, 2026 general election for United States Senator on terms no more burdensome than those afforded to major-party candidates." (Compl. ¶ 7).

At the time of commencing this action, Plaintiff filed the instant Motion for Temporary Restraining Order (R. Doc. 2) and a Motion for Preliminary and Permanent Injunction (R. Doc. 3). Both of these motions were referred to the undersigned for resolution.

In the instant motion, Plaintiff seeks the issuance of a temporary restraining order ("TRO") (1) restraining Defendants "from refusing to permit [Plaintiff] to qualify as an independent candidate for United States Senator in the November 3, 2026 on terms no more burdensome than those afforded to candidates of the Democratic and Republican parties," (2)

requiring Defendants to "accept Plaintiff's qualification for that office during the qualifying period of August 5-7, 2026 already published for the November 3, 2026 election, upon Plaintiff's payment of the qualifying fee applicable to major-party candidates or his submission of a reasonable nominating petition," and (3) requiring Defendants to place "Plaintiff's name on the November 3, 2026 general-election ballot upon his qualification." (R. Doc. 2-1).

## II. Law and Analysis

Rule 65(b)(1) provides the following with respect to the issuance of a TRO without notice to the defendants:

> **(1)** ***Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis added).

Having considered Plaintiff's allegations, the Court concludes that Plaintiff has failed to satisfy the requirements of Rule 65(b)(1). While Plaintiff has submitted a Verified Complaint under penalty of perjury pursuant to 28 U.S.C. § 1746, the allegations in the Verified Complaint do not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). Plaintiff is seeking immediate injunctive relief to require Defendants to accept his candidacy for United States Senate (1) after the expiration of the actual qualifying period, (2) without having obtained the required certified signatures to date, and (3) for a general election to be held on November 3, 2026. In support of his motion, Plaintiff raises conclusory statements that he is

"substantially likely to succeed on the merits" and that he faces irreparable harm once the November 3, 2026 ballot is finalized. (*See* R. Doc. 2 at 1). As discussed further below, it appears that while Plaintiff is arguing that he will suffer irreparable harm if he is not placed on the ballot, he commenced this action only after the applicable statutory deadline.

Furthermore, Plaintiff certifies that he served the instant Motion for TRO on "all Defendants, through the Louisiana Attorney General and the offices of the named Defendants, by the method authorized by the Federal Rules of Civil Procedure and the Local Rules of this Court." (R. Doc. 2-1). But the Clerk's Office issued Plaintiff summonses to serve on the Defendants at the same time that Plaintiff commenced this action and filed the instant motion. (R. Doc. 4). Accordingly, Plaintiff's could not have already served the Defendants at the time the motion was filed. Plaintiff has not since filed any proof of service into the record. Plaintiff has not otherwise identified any other specific efforts to provide notice to Defendants, much less an explanation why notice should not be required.[2] *See* Fed. R. Civ. P. 65(b)(1)(B).

Plaintiff's failure to comply with Rule 65(b)(1)'s requirements, standing alone, is sufficient to deny his request for a TRO. *See Lakeview Loan Servicing, LLC v. Truehill*, No. 25-00255, 2025 WL 980064, at *1 (M.D. La. Apr. 1, 2025) (citing *Stevenson v. Benjamin*, No. 19-00637, 2021 WL 11592389, at *1 (M.D. La. Feb. 17, 2021) (denying pro se plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same)).

---

[2] Plaintiff does attach as an exhibit to his Verified Complaint a June 29, 2026 email he sent to Commissioner Hadskey stating that his understanding, at that time, was that the qualification period for his "No Party" candidacy for U.S. Senate would begin on August 5, 2026, and asking questions regarding the Qualification Form and applicable fees. (*See* R. Doc. 1-9).

Even if Plaintiff has satisfied Rule 65(b)(1)'s requirements, he has nevertheless failed to satisfy the requirements for preliminary injunctive relief at this time. A party seeking preliminary injunctive relief must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. *See Texas Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 21 (2008)). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). The moving party must satisfy all four factors. *See Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Clark v. Prichard*, 812. F.2d 991, 993 (5th Cir. 1987) ("The party seeking [injunctive] relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted."). "The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court." *See Allied Mktg. Grp.*, 878 F.2d at 809.

For the purposes of the instant Motion for TRO, Plaintiff has not established substantial likelihood of success on the merits. In the context of a direct challenge to the constitutionality of Louisiana's closed or semi-closed primary system, the Eastern District of Louisiana has dismissed constitutional claims against Governor Landry and Secretary Nancy based on sovereign immunity and legislative immunity. *Hyers v. Landry*, No. 26-286, ECF No. 12 (E.D. La. Apr. 16, 2026), *report and recommendation adopted*, 2026 WL 1279080, at *2 (E.D. La.

May 11, 2026) (dismissing the complaint without prejudice, but agreeing with the plaintiffs that Louisiana's primary system should be described as a "semi-closed" primary system). It is likely that these immunities will be applicable, at least in part, to Plaintiff's claims in this action.

Moreover, Plaintiff has not established a substantial likelihood of success on his challenge to the nominating petition requirements placed on "No Party" candidates, including the collection of certified signatures in support of such a candidacy. A candidate's appearance on a ballot is not a fundamental right. *See Clements v. Fashing*, 457 U.S. 957, 963 (1982) (citing *Bullock v. Carter*, 405 U.S. 134, 143 (1972)). "Supreme Court precedent makes it clear that states may enact provisions that require a candidate to show a modicum of support before being placed on the ballot." *Williams v. Delany*, No. 16-93-SDD-EWD, 2016 WL 4253972, at *6 (M.D. La. June 28, 2016) (recommending dismissal of *pro se* plaintiff's demand for injunctive relief with respect to the write-in procedures for certain states, including Louisiana, in seeking to run for President of the United States), *report and recommendation adopted*, 2016 WL 4257050 (M.D. La. Aug. 10, 2016) (citing *Lubin v. Panish*, 415 U.S. 709, 718-19 (1974) ("States may, for example, impose on minor political parties the precondition of demonstrating the existence of some reasonable quantum of voter support by requiring such parties to file petitions for a place on the ballot signed by a percentage of those who voted in a prior election. Similarly, a candidate who establishes that he cannot pay the filing fee required for a place on the primary ballot may be required to demonstrate the 'seriousness' of his candidacy by persuading a substantial number of voters to sign a petition in his behalf. The point, of course, is that ballot access must be genuinely open to all, subject to reasonable requirements.") (internal citations omitted); *Dart v. Brown*, 717 F.2d 1491, 1503 (5th Cir. 1983) (noting that Supreme Court decisions "clearly establish the constitutionality of conditioning ballot access on a preliminary showing of a

substantial modicum of popular support....”); *Navarro v. Neal*, 716 F.3d 425, 430 (7th Cir. 2013) (“Ballot access laws that require ‘the would-be candidate [to] demonstrate significant support for his candidacy by submitting thousands (or depending on the size of the electorate, tens or even hundreds of thousands) of petitions' place a reasonable, nondiscriminatory restriction on candidates' and voters' rights.”) (internal citations omitted)).

Finally, the timing of Plaintiff’s challenge merits denial of immediate injunctive relief. Plaintiff alleges that he decided to run for U.S. Senate on June 29, 2026, months after the qualification deadline set by Louisiana law for a “No Party” candidate to qualify for the November 3, 2026 election. (Compl. ¶¶ 36-39).

Louisiana law requires a “No Party” candidate to qualify for the general election for U.S. Senate during the qualifying period established for the primary election:

> A. Any person who desires to become a candidate in a general election for a party primary office and who is not registered as being affiliated with a major political party shall file his notice of candidacy, which shall be accompanied by a nominating petition as provided in R.S. 18:465, with the appropriate qualifying official during the qualifying period established for the party primary election. The number of signatures required on such a nominating petition shall be as set forth in R.S. 18:465.
>
> B. A person filing a notice of candidacy as provided in Subsection A of this Section may be nominated only by persons who are qualified to vote on the office he seeks, who sign a nominating petition for him, and who are not affiliated with a major political party. The registrar of voters shall reject any signature on a nominating petition not in compliance with this Subsection.

La. R.S. 18:410.8. While it appears that Plaintiff is challenging the constitutionality of this provision, Plaintiff did not decide to run for U.S. Senate until after the applicable qualification deadline of February 11-13, 2026.[3] The balance of equities weigh heavily against providing

[3] “The qualifying period for candidates qualifying for the general election for a party primary office in the manner provided in R.S. 18:410.8 shall be the qualifying period for candidates qualifying for a party primary office as

Plaintiff immediate injunctive relief simply because he decided to run for office after the deadline to qualify for doing so.

Plaintiff seeks injunctive relief allowing him to qualify as a candidate for the U.S. Senate race (again, without submitting a qualifying petition) by the deadline set for U.S. Representative and open primary candidates of August 5-7, 2026.[4] As stated above, the qualification period for a "No Party" candidate to run in the general election for U.S. Senate was the same qualification deadline for the closed party primary election, which opened on February 11, 2026. *See* La. R.S. § 18:410.8(A). Any relief with respect to that expired deadline is unavailable. *See Gremont v. Scott*, No. 22-00576-P, 2022 WL 16951651, at *1 (N.D. Tex. Nov. 15, 2022) ("The Court further notes that election at issue in this emergency temporary restraining order ('TRO') occurred on November 8, 2022. Thus, the emergency equitable relief sought by the TRO is moot."); *Gordon v. Newsom*, No. 217270 2021 WL 5972079, at *2 (C.D. Cal. Sept. 23, 2021) ("This Court cannot enjoin the Recall Election because it has already occurred."). Even if the August 5-7, 2026 general qualification deadline was somehow applicable to the U.S. Senate general election, it would also be impossible to grant any relief with respect to that deadline through the issuance of the instant Report and Recommendation, which provides a fourteen day period for the filing of any written objections and a subsequent de novo determination of the recommendations to which any objections are made. *See* 28 U.S.C. § 636(b)(1).

Preliminary injunctive relief is also likely not available because the November 3, 2026 election is approximately three months away. "The Supreme Court has instructed lower courts

---

provided in Subsection A of this Section." La. R.S. 18:467. The January 14, 2026 qualifying period for the U.S. Senate primary election (and, therefore, the qualification for the general election for "No Party" candidates) was extended to February 11, 2026. *See* La. R.S. 18:419.2(A)(B)(1).

[4] *See* Louisiana Election Code, 2026 La. Sess. Law Serv. Act 7 (H.B. 842) ("Notwithstanding the provisions of R.S. 18:467, the qualifying period for all candidates in the 2026 fall primary election, including candidates for representative in the United States Congress, shall begin on August 5, 2026. The qualifying period for such candidates shall close at 4:30 p.m. on August 7, 2026").

not to unduly delay ordering changes to election law until the eve of an election." *La Union Del Pueblo Entero v. Abbott*, 119 F.4th 404, 407 (5th Cir. 2024) (citing *Purcell v. Gonzalez*, 549 U.S. 1, 6 (2006)). While the Fifth Circuit has noted that the *Purcell* principle is not an absolute principle, it is only overcome if the following circumstances are met: "(i) the underlying merits are entirely clearcut in favor of the plaintiff; (ii) the plaintiff would suffer irreparable harm absent the injunction; (iii) the plaintiff has not unduly delayed bringing the complaint to court; and (iv) the changes in question are at least feasible before the election without significant cost, confusion, or hardship." *La Union*, 119 F.4th at 409 (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (Kavanaugh, J., concurring)).

As discussed above, the Court has concluded that the underlying merits are not entirely clearcut in favor of Plaintiff. Furthermore, the record supports a finding that Plaintiff unduly delayed bringing the instant complaint to court given the applicable deadlines and the approaching election date. Accordingly, it will likely be appropriate to stay the resolution of Plaintiff's claims pursuant to the *Purcell* principle if Plaintiff's claims are not altogether dismissed on the merits.[5]

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order (R. Doc. 2) be **DENIED**. The undersigned will address Plaintiff's Motion for Preliminary and

[5] "Citing *Purcell*, the Supreme Court refused to bless judicial intervention in State elections 21 days before the general election date, *see Veasey v. Perry*, 574 U.S. 951, 135 S.Ct. 9, 190 L.Ed.2d 283 (2014) (mem.), 34 days before the general election date, *see Merrill v. People First of Alabama*, ––– U.S. ––––, 141 S. Ct. 25, 208 L.Ed.2d 244 (2020) (mem.), 46 days before the general election date, *see Andino v. Middleton*, ––– U.S. ––––, 141 S. Ct. 9, 208 L.Ed.2d 7 (2020) (mem.), 48 days before the primary election date, *see Raysor v. DeSantis*, ––– U.S. ––––, 140 S. Ct. 2600, 207 L.Ed.2d 1120 (2020) (mem.), 92 days before the primary election date, *Moore v. Harper*, ––– U.S. ––––, 142 S. Ct. 1089, 212 L.Ed.2d 247 (2022) (mem.), and 120 days before the primary election date. *See Merrill v. Milligan*, ––– U.S. ––––, 142 S. Ct. 879, 879, --- L.Ed.2d –––– (2022) (mem.)." *Petteway v. Galveston Cnty., Texas*, 87 F.4th 721, 723 (5th Cir. 2023) (Oldham, J., concurring)

Permanent Injunction (R. Doc. 3) after the Defendants have had the opportunity to make an appearance in this action.

Signed in Baton Rouge, Louisiana, on August 4, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**