**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| CHARLES CURTIS CARPENTER,<br><br>PLAINTIFF,<br><br>v.<br><br>NANCY LANDRY, et al.,<br><br>DEFENDANTS. | Civil Action No. 3:26-cv-791<br><br>Judge: SDD - RLB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, TO STAY THE CASE UNDER *PURCELL* AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 3)**

## INTRODUCTION

Plaintiff's Opposition narrows this case considerably. He abandons his claims against Governor Landry and Attorney General Murrill. Opp.1. And he now seeks only a court-ordered qualifying period before September 19, during which the remaining Defendants would be ordered to accept his $3,500 fee and place him on the November ballot without the 2,500-signature petition Louisiana law requires of a no-party Senate candidate. Opp.1. The Court lacks jurisdiction over what remains, and the Opposition identifies no legal basis for that extraordinary relief.

## ARGUMENT

### I. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS UNDER RULE 12(B).

#### A. Subject Matter Jurisdiction Is Lacking.

Plaintiff still cannot establish subject matter jurisdiction. As for standing, when he filed suit he had not filed a notice of candidacy, obtained a nominating petition, gathered a single signature, or presented anything for certification. *See* Compl. ¶¶ 36–39; ECF No. 20-1 ("MTD.Mem.") at 7–8. That falls short of the Article III requirement that a plaintiff be actually "able and ready" to seek office. *Carney v. Adams*, 592 U.S. 53, 60 (2020) (citation omitted). As for sovereign immunity, before suit neither remaining Defendant rejected any qualifying papers or nominating petition, and petition signatures are submitted to and certified by parish registrars—not the Secretary or Commissioner. La. R.S. 18:465(E)(1)–(2); *see* MTD.Mem.8–10.

The Opposition does not cure either problem. On standing, *Anderson v. Celebrezze*, 460 U.S. 780 (1983), did not decide Article III standing, so its silence on that issue carries no precedential weight. *See Steel Co. v. Citizens for a Better Env't*,

523 U.S. 83, 91 (1998). And unlike Plaintiff, Anderson's supporters actually tendered roughly 14,500 signatures and a statement of candidacy. *Anderson*, 460 U.S. at 782. Nor does Plaintiff's new "reputational harm" theory help, not least because his supposed August 7 attempt to qualify occurred *after* he filed suit. Opp.5. Standing must exist when suit is filed. *Davis v. FEC*, 554 U.S. 724, 734 (2008).

On sovereign immunity, Plaintiff correctly abandons his claims against Governor Landry and Attorney General Murrill. Opp.1. But the *Ex parte Young* defect remains as to the Secretary and Commissioner. True, statewide candidates ultimately qualify with the Secretary. La. R.S. 18:462(A). But before a no-party candidate can do so, his petition must be submitted to parish registrars, who determine and certify which signatures are valid. La. R.S. 18:465(E)(1)–(2). Plaintiff never took that step, so no statutory duty of either remaining Defendant to act on his nonexistent petition ever arose. *See* MTD.Mem. 9–10; *see also Mi Familia Vota v. Ogg*, 105 F.4th 313, 325, 330 (5th Cir. 2024). Nor does the Commissioner's June response change that because it merely told Plaintiff that qualifying had closed.

**B. The Claims Fail on the Merits.**

Dismissal on the merits is likewise warranted. Requiring a candidate to demonstrate electoral support does not add a constitutional qualification for office. *Storer v. Brown*, 415 U.S. 724, 746 n.16 (1974).[1] Satisfying that requirement by

---

[1] Plaintiff purports to quote *Storer*, 415 U.S. at 742, as requiring "'past experience' as 'hard evidence'" on a summary-judgment record. Opp.6–7. But the phrase "hard evidence" does not appear in *Storer*. The Court instead stated that "[p]ast experience will be a helpful, if not always an unerring, guide" in assessing whether a reasonably diligent independent candidate could satisfy the signature requirements. *Id.* at 742.

collecting signatures is not inherently more burdensome than winning a primary. *Jenness v. Fortson*, 403 U.S. 431, 440–42 (1971). And even applying *Anderson-Burdick*, the Fifth Circuit has upheld a statewide ballot-access regime requiring non-major-party candidates to obtain upward of 80,000 signatures in as few as 30 days. *Miller v. Nelson*, 116 F.4th 373, 378 n.2, 380–81 (5th Cir. 2024).

Nothing in the Opposition takes this case outside those settled rules. Louisiana law presently requires just 2,500 signatures over 120 days, while the Complaint alleges more than 820,000 No Party voters statewide. La. R.S. 18:419.2(B)(2)(a), (c); La. R.S. 18:465(E)(1)(a); *see* Compl. ¶¶ 20, 26–29. And Plaintiff identifies no Louisiana law requiring him to canvass Grant Parish, gather every signature himself, travel one mile per signature, or purchase the statewide voter list. *See* Opp.6–7. Those self-imposed assumptions do not establish a severe burden—particularly under *Miller*, which upheld a far more demanding nominating-petition requirement.

Plaintiff also misreads *Miller*. Texas's one-percent petition requirement upheld there did not apply "regardless of party affiliation"—it applied specifically to statewide minor-party and independent candidates. 116 F.4th at 380. The language Plaintiff quotes concerned the electronic filing of applications and accompanying petitions, not the one-percent signature requirement itself. *Id.* at 383. *Miller* thus did not rest its *Anderson-Burdick* holding on major- and non-major-party candidates being subject to identical ballot-access requirements.

To avoid that controlling precedent, Plaintiff's invocation of *Council of Alternative Political Parties v. Hooks*, 999 F. Supp. 607 (D.N.J. 1998), is particularly

puzzling because the Third Circuit reversed it. In an opinion written by then-Judge Alito, the court rejected the same reading of *Anderson* Plaintiff advances here, explaining that *Anderson* "never suggested that Ohio was constitutionally precluded from imposing any deadline prior to the conclusion of the major party convention." *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 77 (3d Cir. 1999). Indeed, the court characterized their request as asserting a "constitutional right to preferential treatment." *Id.* at 74.

## CONCLUSION

The Court should dismiss Plaintiff's claims and deny the preliminary injunction motion as moot or, at minimum, stay this case under *Purcell*.

Dated: August 26, 2026

Respectfully submitted,
ELIZABETH B. MURRILL
Attorney General

*/s/ Zachary Faircloth*
ZACHARY FAIRCLOTH (LA 39875)
Principal Deputy Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 421-4088
Facsimile: (225) 326-6795
FairclothZ@ag.louisiana.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I served a copy of the foregoing on Plaintiff by both placing it in the United States Mail, properly addressed and postage prepaid, to 19215 Highway 167, Dry Prong, Louisiana 71423, and sending it to Plaintiff's email address at chuckforlouisiana@gmail.com.

*/s/ Zachary Faircloth*
Zachary Faircloth