**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES CURTIS CARPENTER** | **CIVIL ACTION**

**VERSUS** | **NO. 26-791-SDD-RLB**

**NANCY LANDRY, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 3, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES CURTIS CARPENTER** **CIVIL ACTION**

**VERSUS** **NO. 26-791-SDD-RLB**

**NANCY LANDRY, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Preliminary Injunction. (R. Doc. 3).[1] Defendants have opposed preliminary injunctive relief in the context of seeking dismissal of this action. (R. Doc. 20).

Also before the Court is Plaintiff's Motion to Amend Verified Complaint & Motion to Vacate Magistrate Judge's Decision on Temporary Restraining Order. (R. Doc. 16).

## I. Background

On July 21, 2026, Charles Curtis Carpenter ("Plaintiff"), proceeding *pro se*, filed a Verified Complaint for Declaratory Relief and for Preliminary and Permanent Injunctive Relief, naming the following defendants: Nancy Landry, in her official capacity as Secretary of State of Louisiana; Sherri Wharton Hadskey, in her official capacity as Commissioner of Elections of Louisiana; Elizabeth B. Murrill, in her official capacity as Attorney General of Louisiana; and

[1] Because the Motion for Preliminary Injunction is for injunctive relief, the undersigned issues a Report and Recommendation for the district judge's consideration. *See* 28 U.S.C. § 636(b)(1); *see Ritter v. Cook*, 45 F. App'x 325 (5th Cir. 2002) ("Because the magistrate judge had not obtained consent from all parties to rule on Ritter" motion for a preliminary injunction, the magistrate judge was without jurisdiction to issue a dispositive order on that motion."); *Beaird v. Lappin*, No. 06-967, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006) (vacating magistrate judge's order on motion for temporary restraining order, noting that magistrate judge should have submitted proposed findings of fact and recommendations for disposition as required under 28 U.S.C. § 636(b)(1)(B)); *see also Hanson v. Drummond*, No. 25-102, 2025 WL 636319, at *2 (W.D. La. Feb. 27, 2025) (concluding that magistrate judge had the authority to issue a report and recommendation to the district judge regarding a motion for temporary restraining order).

Jeff Landry, in his official capacity as Governor of Louisiana (collectively, "Defendants"). (R. Doc. 1, "Compl.").

Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1983 and 1988 for alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution, and violations of the Qualifications Clause and Elections Clause of Article I of the United States Constitution. Plaintiff asserts that he is a non-major-party candidate for the office of United States Senator, and that he is seeking a declaratory judgment, a temporary restraining order, and preliminary and permanent injunctive relief "against an unconstitutional candidate-qualification scheme that the State of Louisiana applies to candidates for the office of United States Senator who are not affiliated with the Democratic Party or the Republican Party." (Compl. ¶ 1).

Plaintiff alleges that as a "No Party" candidate, he does not have the option of paying a $3,500.00 qualifying fee, and must instead file a nominating petition, which would require him to gather 2,500 certified signatures from other "No Party" voters by the qualifying deadline. (Compl. ¶¶ 4-5). In short, Plaintiff seeks "a declaration that the challenged scheme is unconstitutional as applied to non-major-party candidates for United States Senator, and an injunction permitting Plaintiff to qualify for the November 3, 2026, general election for United States Senator on terms no more burdensome than those afforded to major-party candidates." (Compl. ¶ 7).

At the time of commencing this action, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") (R. Doc. 2) and Motion for Preliminary and Permanent Injunction (R. Doc. 3). Both motions were referred to the undersigned for resolution.

Plaintiff sought the issuance of the TRO (1) to restrain Defendants "from refusing to permit [Plaintiff] to qualify as an independent candidate for United States Senator in the

November 3, 2026 on terms no more burdensome than those afforded to candidates of the Democratic and Republican parties," (2) to require Defendants to "accept Plaintiff's qualification for that office during the qualifying period of August 5-7, 2026 already published for the November 3, 2026 election, upon Plaintiff's payment of the qualifying fee applicable to major-party candidates or his submission of a reasonable nominating petition," and (3) to require Defendants to place "Plaintiff's name on the November 3, 2026 general-election ballot upon his qualification." (R. Doc. 2-1). The instant Motion for Preliminary Injunction seeks similar relief. *See* R. Doc. 3-2).

On August 4, 2026, the undersigned recommended that the district judge deny the Motion for TRO but allow the Motion for Preliminary Injunction to remain pending. (R. Doc. 13). Three days later, Plaintiff filed his Motion to Amend Verified Complaint & Motion to Vacate Magistrate Judge's Decision on Temporary Restraining Order (R. Doc. 16), which was then referred to the undersigned for resolution. Defendants then filed their Motion to Dismiss Plaintiff's Complaint. (R. Doc. 20). On August 21, 2026, the district judge denied Plaintiff's Motion for TRO, interpreting Plaintiff's Motion to Amend Verified Complaint & Motion to Vacate Magistrate Judge's Decision on Temporary Restraining Order (R. Doc. 16) as an objection to the undersigned's Report and Recommendation. (R. Doc. 34).[2]

Accordingly, it is appropriate to deny Plaintiff's Motion to Amend Verified Complaint & Motion to Vacate Magistrate Judge's Decision on Temporary Restraining Order (R. Doc. 16), in part, as moot to the extent that it has already been considered. The Motion also seeks, however, to "amend" the Verified Complaint solely "to release Jeff Landry, in his official capacity as

[2] After the issuance of the Report and Recommendation, Plaintiff filed a Motion to Revoke Consent to Magistrate Judge & Motion to Vacate Order of Magistrate Judge (R. Doc. 11). This motion remains pending before the district judge.

Governor of Louisiana, from this civil suit being heard in the Middle District Court of Louisiana under the doctrine of sovereign immunity." (R. Doc. 16 at 1). It is, therefore, also appropriate to grant this motion, in part, to the extent Plaintiff seeks voluntary dismissal of Governor Jeff Landry from this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. *See Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (recognizing that Rule 41(a) allows voluntary dismissals of individual defendants).

In their Motion to Dismiss Plaintiff's Complaint, Defendants argue that Plaintiff's request for injunctive relief should be denied, and the claims should be dismissed either for lack of subject matter jurisdiction or on the merits. (R. Doc. 20). Defendants seek dismissal on jurisdictional grounds on the basis that Plaintiff has not suffered any Article III injury, Plaintiff has not requested any redressable relief, and the claims are barred by sovereign immunity. With respect to the merits, Defendants argue that Fifth Circuit jurisprudence has upheld similar ballot access requirements, the Supreme Court has denied similar arguments based on the Equal Protection Clause and Qualifications Clause, and Plaintiff's procedural due process claims do not identify any protected liberty or property interests.

## II. Law and Analysis

Having considered the arguments of the parties, the Court concludes that Plaintiff's Motion for a Preliminary Injunction is subject to denial for substantially similar reasons that Plaintiff's Motion for TRO was subject to denial. (*See* R. Docs. 13, 23).

A party seeking preliminary injunctive relief must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. *See Texas Midstream Gas Servs., LLC v. City of*

*Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 21 (2008)). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). The moving party must satisfy all four factors. *See Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Clark v. Prichard*, 812. F.2d 991, 993 (5th Cir. 1987) ("The party seeking [injunctive] relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted."). "The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court." *See Allied Mktg. Grp.*, 878 F.2d at 809.

Plaintiff has not established substantial likelihood of success on the merits. In short, the timing of the filing of Plaintiff's lawsuit and request for preliminary injunctive relief merits denial. Plaintiff alleges that he decided to run for U.S. Senate on June 29, 2026, months after the qualification deadline set by Louisiana law for a "No Party" candidate to qualify for the November 3, 2026, election. (Compl. ¶¶ 36-39).

Louisiana law requires a "No Party" candidate to qualify for the general election for U.S. Senate during the qualifying period established for the primary election:

> A. Any person who desires to become a candidate in a general election for a party primary office and who is not registered as being affiliated with a major political party shall file his notice of candidacy, which shall be accompanied by a nominating petition as provided in R.S. 18:465, with the appropriate qualifying official during the qualifying period established for the party primary election. The number of signatures required on such a nominating petition shall be as set forth in R.S. 18:465.

> B. A person filing a notice of candidacy as provided in Subsection A of this Section may be nominated only by persons who are qualified to vote on the office he seeks, who sign a nominating petition for him, and who are not affiliated with a major political party. The registrar of voters shall reject any signature on a nominating petition not in compliance with this Subsection.

La. R.S. 18:410.8. While it appears that Plaintiff is challenging the constitutionality of this provision, Plaintiff did not decide to run for U.S. Senate until after the applicable qualification deadline of February 11-13, 2026.[3] The balance of equities weigh heavily against providing Plaintiff preliminary injunctive relief simply because he decided to run for office after the deadline to qualify for doing so.

Plaintiff seeks injunctive relief allowing him to qualify as a candidate for the U.S. Senate race (again, without submitting a qualifying petition) by the deadline set for U.S. Representative and open primary candidates of August 5-7, 2026.[4] As stated above, the qualification period for a "No Party" candidate to run in the general election for U.S. Senate was the same qualification deadline for the closed party primary election, which opened on February 11, 2026. *See* La. R.S. § 18:410.8(A). Any relief with respect to that expired deadline is unavailable. *See Gremont v. Scott*, No. 22-00576-P, 2022 WL 16951651, at *1 (N.D. Tex. Nov. 15, 2022) ("The Court further notes that election at issue in this emergency temporary restraining order ('TRO') occurred on November 8, 2022. Thus, the emergency equitable relief sought by the TRO is moot."); *Gordon*

---

[3] "The qualifying period for candidates qualifying for the general election for a party primary office in the manner provided in R.S. 18:410.8 shall be the qualifying period for candidates qualifying for a party primary office as provided in Subsection A of this Section." La. R.S. 18:467. The January 14, 2026 qualifying period for the U.S. Senate primary election (and, therefore, the qualification for the general election for "No Party" candidates) was extended to February 11, 2026. *See* La. R.S. 18:419.2(A)(B)(1).

[4] *See* Louisiana Election Code, 2026 La. Sess. Law Serv. Act 7 (H.B. 842) ("Notwithstanding the provisions of R.S. 18:467, the qualifying period for all candidates in the 2026 fall primary election, including candidates for representative in the United States Congress, shall begin on August 5, 2026. The qualifying period for such candidates shall close at 4:30 p.m. on August 7, 2026").

*v. Newsom*, No. 217270 2021 WL 5972079, at *2 (C.D. Cal. Sept. 23, 2021) ("This Court cannot enjoin the Recall Election because it has already occurred.").

To be clear, granting Plaintiff preliminary injunctive relief would also violate the *Purcell* principle, which provides "that federal courts ordinarily should not enjoin a state's election laws in the period close to an election and that the Supreme Court in turn has often stayed lower federal court injunctions that contravened that principle.'" *Disability Rts. Louisiana v. Landry*, No. 24-554, 2024 WL 3566698, at *1 (M.D. La. July 29, 2024) (internal punctuation removed) (citing *Singleton v. E. Baton Rouge Par. Sch. Bd.*, 621 F. Supp. 3d 618, 627 (M.D. La. 2022) (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam))).

The record supports a finding that Plaintiff unduly delayed bringing the instant complaint given the applicable deadlines and election date. "Citing *Purcell*, the Supreme Court refused to bless judicial intervention in State elections 21 days before the general election date, *see Veasey v. Perry*, 574 U.S. 951, 135 S.Ct. 9, 190 L.Ed.2d 283 (2014) (mem.), 34 days before the general election date, *see Merrill v. People First of Alabama*, —— U.S. ——, 141 S. Ct. 25, 208 L.Ed.2d 244 (2020) (mem.), 46 days before the general election date, *see Andino v. Middleton*, —— U.S. ——, 141 S. Ct. 9, 208 L.Ed.2d 7 (2020) (mem.), 48 days before the primary election date, *see Raysor v. DeSantis*, —— U.S. ——, 140 S. Ct. 2600, 207 L.Ed.2d 1120 (2020) (mem.), 92 days before the primary election date, *Moore v. Harper*, —— U.S. ——, 142 S. Ct. 1089, 212 L.Ed.2d 247 (2022) (mem.), and 120 days before the primary election date. *See Merrill v. Milligan*, —— U.S. ——, 142 S. Ct. 879, 879, --- L.Ed.2d —— (2022) (mem.)." *Petteway v. Galveston Cnty., Texas*, 87 F.4th 721, 723 (5th Cir. 2023) (Oldham, J., concurring).

Accordingly, it is appropriate to deny Plaintiff's request for preliminary injunctive relief and resolve the remaining issues in this action after the completion of the election. Defendants have sought dismissal of Plaintiff's challenges to ballot-access provisions based on lack of subject matter jurisdiction and on the merits. The undersigned will issue a separate Report and Recommendation addressing Defendants' Motion to Dismiss Plaintiff's Complaint. (R. Doc. 20).

## III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (R. Doc. 3) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Amend Verified Complaint & Motion to Vacate Magistrate Judge's Decision on Temporary Restraining Order (R. Doc. 16) be **GRANTED IN PART and DENIED IN PART**, and that Governor Jeff Landry be **DISMISSED** as a defendant in this action as requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on November 3, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**