**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| CHARLES CURTIS CARPENTER,<br>Plaintiff,<br><br>VERSUS<br><br>NANCY LANDRY, in her official capacity as Secretary of State of Louisiana; SHERRI WHARTON HADSKEY, in her official capacity as Commissioner of Elections of Louisiana; ELIZABETH B. MURRILL, in her official capacity as Attorney General of Louisiana; and JEFF LANDRY, in his official capacity as Governor of Louisiana,<br><br>Defendants. | CIVIL ACTION NO. 3:26-cv-00791-SDD-RLB<br><br>CHIEF JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS, JR. |

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED NOV 17 2026
CLERK

**PLAINTIFF'S RESPONSE AND LIMITED OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF NOVEMBER 3, 2026 (ECF No. 26)**

Plaintiff Charles Curtis Carpenter, appearing *pro se*, responds under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to the Magistrate Judge's Report and Recommendation of November 3, 2026 (ECF No. 26), and states:

## I. NO OBJECTION TO DISMISSAL OF THE GOVERNOR

1.The Report recommends that Plaintiff's Motion to Amend Verified Complaint and Motion to Vacate (ECF No. 16) be granted in part and that Governor Jeff Landry be dismissed as a defendant at Plaintiff's request. ECF No. 26 at 3-4, 8. Plaintiff does not object to that recommendation.

## II. THE MOTION FOR PRELIMINARY INJUNCTION IS MOOT

2.Plaintiff's Motion for Preliminary and Permanent Injunction (ECF No. 3) sought an order permitting him to qualify for the November 3, 2026 general election. That election has been held. Plaintiff therefore does not ask the Court to grant the relief the motion sought, and he does not object to the motion being denied or terminated as moot, without prejudice to his right to seek preliminary relief directed to a later election.

## III. LIMITED OBJECTION

3.Plaintiff objects to the Report only to the extent it could be read to resolve anything beyond the timing of relief for the 2026 election. The Report's reasoning rests on timing: that Plaintiff decided to run after the 2026 qualifying deadline had passed, that relief directed to an expired deadline is unavailable, and that relief close to the 2026 election would conflict with *Purcell v. Gonzalez*, 549 U.S. 1 (2006). ECF No. 26 at 5-8. The Report did not decide whether the challenged provisions of the Louisiana Election Code, including La. R.S. 18:410.8 and 18:465, are constitutional, and it expressly reserved the remaining issues in this action for resolution after the election. *Id.* at 8.

4.Plaintiff respectfully requests that any ruling adopting the Report state that the denial of preliminary relief rests on the timing of the 2026 election and does not determine the merits of Plaintiff's constitutional claims or the availability of relief for any later election.

## IV. NOTICE OF FORTHCOMING MOTION FOR LEAVE TO AMEND

5.The challenged provisions will govern the next election for United States Senator from Louisiana, to be held on November 7, 2028, and under current law their operative deadlines fall in 2027. Plaintiff is a candidate in that election. Plaintiff is filing, contemporaneously with this response, a motion under Rules 15(a)(2) and 15(d) for leave to file a First Amended and

Supplemental Verified Complaint that pleads the events since July 21, 2026, pleads his 2028 candidacy, seeks prospective relief only, and names only the Secretary of State and the Commissioner of Elections as defendants.

6.Because that pleading would supersede the original complaint and, under Local Civil Rule 12, would terminate Defendants' pending Motion to Dismiss (ECF No. 20) without prejudice to refiling, Plaintiff respectfully requests that the Court consider the motion for leave to amend before ruling on the Motion to Dismiss.

WHEREFORE, Plaintiff respectfully requests that the Court (1) dismiss Governor Jeff Landry as recommended; (2) deny or terminate the Motion for Preliminary and Permanent Injunction (ECF No. 3) as moot, without prejudice to preliminary relief directed to a later election; (3) make clear that its ruling does not determine the merits of Plaintiff's claims or the availability of relief for any later election; and (4) consider Plaintiff's motion for leave to amend before ruling on Defendants' Motion to Dismiss.

Respectfully submitted,

Charles Curtis Carpenter
Plaintiff, *pro se*
19215 Highway 167
Dry Prong, Louisiana 71423
Telephone: (225) 252-6307
Email: chuckforlouisiana@gmail.com

Dated: November 17, 2026

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2026, I filed the foregoing Plaintiff's Response and Limited Objection to the Magistrate Judge's Report and Recommendation of November 3, 2026

with the Clerk of Court and served a copy on counsel for Defendants, Zachary Faircloth, Principal Deputy Solicitor General, Office of the Louisiana Attorney General, 1885 North Third Street, Baton Rouge, Louisiana 70804, by United States Mail, postage prepaid, and by email to FairclothZ@ag.louisiana.gov.

Charles Curtis Carpenter